O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR VASQUEZ, an individual, | ) Case No. CV 12-01523 DDP (PJWx) ) |
| Plaintiff, | ) **ORDER GRANTING DEFENDANT'S MOTION** ) **TO DISMISS PLAINTIFFS'S** ) **COMPLAINT** |
| v. | ) |
| UNION SECURITY INSURANCE COMPANY, a Kansas corporation; ASSURANT EMPLOYEE BENEFITS, a Kansas corporation; FORTIS BENEFITS INSURANCE COMPANY, a Kansas corporation, | ) ) [Docket No. 6] ) ) ) ) ) |
| Defendants. | ) ) |

Presently before the court is Defendant Union Security Insurance Company's Motion to Dismiss Complaint. Having reviewed the parties' moving papers, the court grants the Motion and adopts the following Order.

**I. BACKGROUND**

Plaintiff filed his Complaint against Defendant Union Security Instance Company ("USIC"), also known as Assurant Employee Benefits and formerly known as Fortis Benefits Insurance, in state court, on

December 19, 2011.  He seeks to recover benefits allegedly owed to him as a beneficiary of an employee welfare benefit plan issued by USIC to Saturn Airport Marina, policy number G 4,027,296 (the "Plan"). Plaintiff's Complaint alleges seven causes of action: 1) breach of written contract of insurance policy; 2) breach of covenant of good faith and fair dealing; 3) negligent misrepresentation; 4) conversion; 5) fraud and intentional misrepresentation; 6) violation of Business and Professional Code § 17200, et seq; and 7) declaratory relief.

USIC now moves to dismiss Plaintiff's Complaint.  USIC argues that: 1) all of the claims in Plaintiff's Complaint are state law claims and directly relate to his claim for benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 ("ERISA"), and 2) each of Plaintiff's claims are preempted by the broad preemption provided under ERISA and fail as a matter of law.

**II. LEGAL STANDARD**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  <u>Iqbal</u>, 129 S. Ct. at 1949.  Conclusory allegations or

allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 1950. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 1949 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 1950. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555-56. "Determining whether a complaint states a plausible claim for relief" is a "context-specific" task, "requiring the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

**III. DISCUSSION**

ERISA applies to any employee welfare benefit plan that is established or maintained by an employer engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003(a)(1). A "welfare benefit plan" is a "plan, fund or program . . . established or maintained by an employer . . . for the purposes of providing for its participants . . . medical, surgical or hospital care for benefits, or benefits in the event of sickness, accident, disability, death, or unemployment. . . ." 29 U.S.C. § 1002(1). ERISA provides the exclusive remedies for claims for benefits under a plan governed by ERISA, and completely preempts application of state law to an action based upon an insurer's

alleged failure to pay benefits under the terms of an ERISA plan. 29 U.S.C. § 1144(a). Plans which are not maintained or established by an employer, however, fall under a "safe harbor" provision, and are exempt from ERISA coverage. 29 C.F.R. § 2510.3-1(j).

Here, Plaintiff appears to argue that ERISA preemption cannot apply here because Plaintiff has not alleged that his employer is involved in the Plan. (Opp. at 3, 6-7.) Plaintiff is wrong. Plaintiff's artful pleading, which makes no explicit reference to Saturn Airport Marina's involvement, cannot alone exempt the Plan from ERISA coverage. See Cleghorn v. Blue Shield of California, 408 F.3d 1222, 1226 (9th Cir. 2005). Plaintiff's complaint makes numerous references to the Plan, quotes portions of the Plan, and purports to include the Plan as an attachment to the complaint. (Complaint ¶¶ 20. 41.) The Plan, which is also attached as an exhibit to the instant motion, is thus incorporated by reference into the Complaint. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

The plain language of the Plan establishes that Plaintiff's employer is involved in the Plan, and that ERISA does apply. The Plan describes the employer, Saturn Airport Marina, as the policyholder, and sets out terms by which full time employees will receive disability benefits. (Mot. Ex. A at 212, 226, 231) Furthermore, the Plan provides that Saturn Airport Marina pays all Plan costs. (Id. At 215.) The Plan is, therefore, is an employee welfare benefit plan subject to and regulated by ERISA pursuant to 29 U.S.C. § 1002.

Plaintiff's breach of contract claim is based exclusively on the contractual relationship with USIC that arises from the Plan.

4

Because this claim is based solely on his claim for benefits under the Plan, the breach of contract claim is preempted by ERISA. 29 U.S.C. § 1144(a).  Moreover, Plaintiff fails to support his bad faith claim with allegations independent of his claim for benefits under the Plan. Thus, Plaintiff's bad faith claim is also preempted by ERISA. None of the allegations that Plaintiff lists in support of his claims pertains to any activity beyond his claim for benefits under the Plan.  Thus, despite Plaintiff's attempts to avoid ERISA by filing solely state law claims, none of the claims in the Complaint are excluded from ERISA coverage.

**IV. Conclusion**

For the reasons stated above, UCIC's Motion to Dismiss Plaintiff's Complaint is GRANTED.

IT IS SO ORDERED.

Dated: July 25, 2012

DEAN D. PREGERSON
United States District Judge